COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED

2020 APR -3 PM 12: 23

JAMES L. SPAETH
CLERK OF COURTS

COURT OF COMMON PLEAS
CIVIL DIVISION
WARREN COUNTY, OH

**HEATHER PARKER**
4216 Forsythia Drive
Cincinnati, OH 45245

    Plaintiff

vs.

**TARGET CORPORATION**
SERVE: CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

and

**OHIO DEPARTMENT OF MEDICAID**
SERVE: Joseph McCandish
150 East Gay Street, 21st Floor
Columbus, OH 43215

    Defendants

Judge: 20CV93244

Judge Peeler

COMPLAINT

## FIRST CAUSE OF ACTION

1. At all times material herein, Defendant Target Corporation ("Target") was a foreign corporation licensed to and doing business within the State of Ohio specifically on April 20, 2018 at 9841 Waterstone Blvd., Cincinnati, Ohio 45249 in Warren County.

2. On or about April 20, 2018, Defendant Target was operating as a for profit business.

3. On or about April 20, 2018, Defendant Target was open and doing business and permitted invitees onto its premises at 9841 Waterstone Blvd., Cincinnati, Ohio, a department store building ("premises").

4. On or about April 20, 2018 Plaintiff was an invitee and on the premises of Defendant Target.

5. At all times relevant hereto, Defendant Target had a duty to inspect the premises and to make the premises safe and free from unreasonably dangerous and/or defective conditions which it knew or should have known posed an unreasonable risk of harm to invitees such as Plaintiff.

6. On or about April 20, 2018, Defendant Target negligently failed to ensure that the premises were safe and free from all dangerous conditions, and defects.

7. On or about April 20, 2018 Defendant Target negligently maintained the premises causing an unreasonable and dangerous condition.

8. On or about April 20, 2018, Defendant Target has a duty of care to inspect its premises for conditions, which would present a hazard to patrons such as Plaintiff.

9. On or about April 20, 2018, Defendant Target breached its duty of care by failing to inspect for a dangerous condition, which was readily discoverable by Defendant Target.

10. On or about April 20, 2018, Defendant Target failed to correct a known dangerous condition on the premises which Defendant Target knew, or should have known, existed.

11. On or about April 20, 2018, Defendant Target through its agents or employees failed to warn or otherwise notify Plaintiff of a dangerous condition on the premises, which Defendant knew, or should have known, existed.

12. On or about April 20, 2018, Defendant Target through its agents or employees created an unreasonable and dangerous condition on the premises.

13. As a direct and proximate result of Defendant Target's negligence, Plaintiff fell inside the premises and suffered an injury.

14. As a direct and proximate result of the carelessness and negligence of Defendant Target, Plaintiff has suffered temporary and permanent bodily injuries, has endured pain and suffering and will continue to do so in the future, has incurred medical expenses in an undetermined amount and

will continue to do so in the future has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; and has lost the use and enjoyment of good health.

## SECOND CAUSE OF ACTION

15. Plaintiff re-alleges the allegations contained in the First Cause of Action as if fully rewritten herein.

16. Upon information and belief, Defendant Ohio Department of Medicaid ("Medicaid") has paid, or may pay in the future, certain expenses incurred by Plaintiff as a result of the negligence of Defendant Target.

17. Upon information and belief, Medicaid claims, or may claim in the future, a subrogated interest and/or right of reimbursement in the proceeds of this litigation.

18. Plaintiff demands that Medicaid set forth its subrogated interest and/or right of reimbursement herein or forever be barred.

**WHEREFORE** Plaintiff demands for judgment against Defendant Target in an undetermined amount in excess of $25,000.00 (Twenty-Five Thousand Dollars), prejudgment interest to be determined by the Court plus costs and all other relief to which she may be entitled. In addition, Plaintiff requests that Medicaid set forth it's subrogated claim or forever be barred.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA

*Robert Acciani*

Robert B. Acciani - 0096025
Attorney for Plaintiff
600 Vine Street Suite 1600
Cincinnati, OH 45202
Phone: 513-842-1952
Fax: 513-768-4431
Email: bba@oal-law.com