IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HEATHER PARKER, | : | Case No. 1:20-cv-364 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TARGET CORPORATION, et al., | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Target Corporation's ("Target") Motion for Summary Judgment (Doc. 16). Plaintiff filed a response in opposition to Target's Motion (Doc. 33), to which Target replied (Doc. 34). Thus, the Motion is fully briefed and ripe for review. As explained below, Target's Motion for Summary Judgment is **GRANTED**.

### FACTS

In this matter, following a slip and fall at a Target location in Cincinnati, Ohio, Plaintiff Heather Parker ("Plaintiff") filed suit against Target, alleging that Target negligently maintained its premises, causing Plaintiff to slip and fall. Plaintiff additionally demanded Defendant Ohio Department of Medicaid ("Department of Medicaid") set forth its subrogated interest against Target, as well. The Department of Medicaid then filed a crossclaim against Target, seeking recovery equaling the amount

1

expended on Plaintiff's medical services and expenses, pursuant to Ohio Rev. Code § 5160.37.

On April 20, 2018, Plaintiff visited a Target location in Cincinnati, Ohio during her lunch break. (Plaintiff Deposition ("Plaintiff Dep."), Doc. 15-1, Pg. ID 66, 80.) Plaintiff was shopping for beauty products in the health and beauty section. (*Id.* at 80.) She was walking in a "relatively easy manner" when she slipped, twisted, and fell to the ground. (*Id.* at 84.) When looking at the floor after she fell, she noticed an orange liquid spill. (*Id.*) The spill was splattered, rather than a puddle, across three tiles. (RaeAnne Johnson Deposition ("Johnson Dep."), Doc. 30, Pg. ID 276.) Plaintiff testified that the spill was noticeable and "out in the open." (Plaintiff Dep., Doc. 15-1, Pg. ID 85.)

Additionally, Plaintiff testified that she is unaware what the orange liquid was, where the orange liquid came from, and how long the orange liquid had been on the floor. (*Id.* at 86-87.) RaeAnne Johnson, the Target store director who was onsite during the accident, testified that she is also unaware what the orange liquid was, where the orange liquid came from, and how long the orange liquid had been on the floor. (Johnson Dep., Doc. 30, Pg. ID 256, 277.) No other target employees testified as to how long the orange liquid was on the floor prior to Plaintiff's fall. (*See* Blanda Pitts Deposition ("Pitts Dep."), Doc. 31; Daniel Jensen Deposition ("Jensen Dep."), Doc. 32.)

Plaintiff did not seek any medical attention the day of the accident. (Plaintiff Dep., Doc. 15-1, Pg. ID 77.) Rather, she went to the emergency room on April 23, 2018, three days after she fell. (*Id.*) Plaintiff alleges that she suffered injuries to her lower back, right ankle and left shoulder. (*Id.* at 73.) She went through at least two rounds of physical

2

therapy for her injuries following her slip and fall. (*Id.* at 77.)

This case was originally filed in Warren County Court of Common Pleas on April 3, 2020. (Complaint, Doc. 2, Pg. ID 25.) Department of Medicaid filed with Warren County Court of Common Pleas its Answer and Crossclaim against Target. (Answer and Crossclaim, Doc. 3, Pg. ID 29.) Target removed the case to this Court on May 7, 2020. (Notice of Removal, Doc. 1.) Then, after discovery concluded, Target moved for summary judgment on Plaintiff's negligence claim and Department of Medicaid's crossclaim on March 30, 2021. (Motion for Summary Judgment, Doc. 16.)

## LAW & ANALYSIS

Courts must grant summary judgment if the record "reveals that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)). Once the movant has met its initial burden of showing that no genuine issue of material fact remains, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the nonmovant must present "significant probative evidence . . . on which a reasonable jury could return a verdict" in their favor. *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009).

The court "must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007). This requirement, however, does not mean that the court must find a factual dispute where record evidence contradicts wholly

3

unsupported allegations. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (*citing Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). "If a moving party fulfills its burden of demonstrating that no genuine issue of material fact exists, the nonmoving party, to receive a trial, must present some significant probative evidence creating a factual dispute." *Stratienko v. Cordis Corp.*, 429 F.3d 592, 597 (6th Cir. 2005).

### I.  Target is Entitled to Summary Judgment on Plaintiff's Negligence Claim as a Matter of Law.

To succeed on a negligence claim under Ohio law, a Plaintiff must establish: "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 122-23 (Ohio 2009). The duty a landowner owes individuals is determined by whether the individual is an invitee, licensee, or trespasser. *Hernandez-Butler v. Ikea U.S. East, LLC*, 435 F. Supp. 3d 816, 822 (S.D. Ohio 2020). It is undisputed that Plaintiff was an invitee at Target on the day she slipped and fell.

Here, because Plaintiff was an invitee at Target, Target owed Plaintiff "a duty of reasonable care." *Id.* "This includes duties: (1) to avoid injuring an invitee by negligent activities, (2) to warn invitees of latent or hidden dangers known to the store owner, (3) to make reasonable inspections of the business premises to discovery any potential danger, and (4) to take reasonable precautions to protect invitees from dangers that are foreseeable from the arrangement or use of the premises." *Id.*

Target argues that it is entitled to summary judgment for two reasons. First, Target

4

argues that the orange liquid that Plaintiff slipped on was open and obvious and, thus, Target did not owe Plaintiff a duty. Second, Target argues that it did not have constructive knowledge of the orange liquid spill, therefore not breaching the duty it owed Plaintiff. Plaintiff disagrees, claiming that genuine issue of material fact exists in this case. Because this Court agrees with Target that no genuine issue of material fact exists as to whether Target had constructive knowledge of the orange liquid spill, the Court need not address Target's open and obvious argument.

For a plaintiff to show a breach of duty as a business invitee in a slip-and-fall case, the plaintiff must establish one of the following:

> (1) [t]hat the defendant through its officers or employees was responsible for the hazard complained of; or (2) [t]hat at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) [t]hat such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 476-77 (6th Cir. 2010) (quoting *Combs v. Fist Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995)).

In this case, Plaintiff does not assert that Target created the spill or had actual knowledge of the spill; nor does the record support either contention. (Plaintiff's Response in Opposition, Doc. 33, Pg. ID 345.) Rather, Plaintiff argues that genuine issue of material fact exists as to whether Target officers or employees had constructive knowledge of the spill. (*Id.*) Therefore, the question is whether Target had constructive knowledge of the liquid spill at the time of the accident.

In cases that involve a constructive notice theory of liability, "Ohio courts have

5

consistently followed *Anaple v. Standard Oil Co.*, 162 Ohio St. 537, 124 N.E.2d 128 (Ohio 1995), and held that evidence of how long the hazard existed is mandatory in establishing a duty to exercise ordinary care." *Id.* at 477 (cleaned up). "Without such evidence, it is impossible to determine whether a premises owner should have discovered the hazard upon a reasonable inspection." *Myers v. Coshocton Village Inn & Suites*, No. 2:14-cv-981, 2016 WL 2853585, *8 (S.D. Ohio May 16, 2016). "Thus, Ohio appellate courts have routinely affirmed summary judgments or directed verdicts in favor of defendants where the plaintiff failed to produce evidence of how the [hazard] came to be on the floor and how long it had been there before the plaintiff's fall." *Sharp v. Andersons, Inc.*, No. 06AP-81, 2006 WL 2259706, *4 (Ohio Ct. App. Aug. 8, 2006).

Here, Plaintiff failed to present any evidence of how long the spill had been on the floor prior to her fall. Plaintiff testified that she was unaware how long the orange liquid had been on the floor prior to falling. (Plaintiff Dep., Doc. 15-1, Pg. ID 87.) Additionally, RaeAnne Johnson, the store director, testified that she was unaware where the orange liquid came from or what the orange liquid consisted of. (Johnson Dep., Doc. 30, Pg. ID 277). Additionally, Johnson testified that she had no opinion as to how long the liquid was on the floor prior to Plaintiff's fall. (*Id.*) Lastly, no Target employee testified as to how long the liquid had been on the floor. (*See* Jensen Dep, Doc. 32; *see also* Pitts Dep., Doc. 31). Thus, because Plaintiff failed to establish the length of time the orange liquid was on the floor prior to Plaintiff's slip and fall, Plaintiff failed to establish that Target had constructive knowledge of the orange liquid spill and, thus, breached its duty.

Plaintiff makes two arguments for why this Court should find a genuine issue of

6

material fact as to whether Target had constructive knowledge of the spill. First, Plaintiff argues that Target makes only "the conclusory assertion that 'No Target employee caused the spill to be there nor failed to warn guests of the spill or clean it before the Incident[]'" and that such alleged "conclusory assertions" do not discharge Target of its initial burden of "identifying [] portions of the record that demonstrate the absence of a material fact." (Plaintiff Response in Opp., Doc. 33, Pg. ID 356.) But such argument misses the point. Dispositively, Plaintiff points to no evidence showing the length of time that the spill was on the floor as required to establish constructive knowledge, and it is Plaintiff's burden to set forth specific facts showing that Target had constructive knowledge due to the length of time the spill was on the floor. *See Hansen v. Wal-Mart Stores, Inc.*, No. 07CA2990, 2008 WL 2152000, *1 (Ohio Ct. App. May 20, 2008) (holding that the plaintiffs "failed in their burden to set forth specific facts showing that there is a genuine issue for trial" because the plaintiffs failed to put forward any evidence that "shows that the display was unreasonably hazardous or that Wal-Mart was or should have been aware that the stacks were unstable"). Moreover, and contrary to Plaintiff's argument, Target points to evidence in the record that shows that a Target employee neither caused nor had actual knowledge of the liquid spill. (*See* ReAnne Johnson Affidavit, Doc. 16-2, Pg. ID 205. *See also* Daniel Jensen Affidavit, Doc. 16-3, Pg. ID 209-10, Johnson Dep., Doc. 30, Pg. ID 277.) Thus, Plaintiff failed to set forth specific facts that Target had constructive knowledge of the spill and, thus, failed to show that a genuine issue of material fact exists.

Second, Plaintiff argues that the spill would have been found by reasonable inspection of the premises and, because the spill could have been found if Target

employees inspected the aisle, Target had constructive knowledge of the spill. Plaintiff seems to rely on the fact that there is no evidence of how often Target employees inspected the aisles on the day of Plaintiff's fall to support her theory of constructive knowledge. Again, the Court is unpersuaded, and the Sixth Circuit has rejected such argument in the past. *See Beard v. Kroger Co., Inc.*, 133 F. App'x 174 (6th Cir. 2005).

In *Beard*, the plaintiff attempted to establish that Kroger had constructive knowledge of a hazard due to Kroger employees' training "to scan the floors for hazards and because [employees] had the opportunity to see this hazard on the ground . . ." *Id.* at 176. The Sixth Circuit was unpersuaded by such argument, explaining that "[w]hile Kroger may have imposed a duty on [its employees] to scan the floor, the law imposes a duty on Kroger only to exercise ordinary care, and the preceding analysis shows that the Beards failed to present such evidence to establish that Kroger breached this duty." *Id.* at 176-77. The Sixth Circuit continued, holding that "[o]ne cannot show that Kroger failed to exercise reasonable care in removing a hazard if the plaintiff has failed to show how long the hazard existed." *Id.* at 177. The same is true in this case; the Court is unpersuaded by Plaintiff's argument that Target failed to exercise reasonable care in removing the liquid spill solely by arguing that the spill could have been found if Target employees inspected the aisle. Plaintiff was required to establish how long the spill was on Target's floor prior to the accident. She failed to do so and, thus, failed to establish that Target had constructive knowledge of the spill.

Consequently, no genuine of issue of material fact exists in this case and Target did not breach the duty it owed to Plaintiff. Therefore, Target is entitled to summary

8

judgment as a matter of law.

### II. Target is Entitled to Summary Judgment on Department of Medicaid's Crossclaim as a Matter of Law.

The Department of Medicaid's crossclaim seeks recovery for Plaintiff's medical expenses paid by the Department of Medicaid. Ohio Rev. Code § 5160.37 provides for an automatic right of recovery to the Department of Medicaid "against the liability of a third party for the cost of medical assistance paid on behalf of the recipient." Ohio Rev. Code § 5160.37(A). Because Plaintiff's claim against Target fails as a matter of law, the Department of Medicaid's crossclaim similarly fails. Target is entitled to summary judgment on the Department of Medicaid's crossclaim.

### CONCLUSION

For the foregoing reasons, Target's Motion for Summary Judgment is **GRANTED**. Thus, Count 1 of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Additionally, Defendant Ohio Department of Medicaid's crossclaim is **DISMISSED WITH PREJUDICE**. Therefore, this case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND